IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DINO C. MEJIA, #1635657,           §
                Petitioner,        §
                                   §
v.                                 §          3:13-CV-0170-G-BK
                                   §
WILLIAM STEPHENS, Director,        §
TDCJ-CID,                          §
                Respondent.        §

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be denied.

I.  BACKGROUND

After waiving a jury trial, Petitioner was convicted of burglary of a habitation and

sentenced to 50 years' imprisonment.  *State v. Mejia*, No. F08-56627 (Criminal District Court

No. 7, Dallas County, 2009), *aff'd*, No. 05-09-00178-CR (Tex. App. - Dallas, 2010 pet. ref'd).

The Texas Court of Criminal Appeals denied his state habeas application.  *See Ex parte Mejia*,

No. WR-24,438-12 (Tex. Crim. App. Sep. 5, 2012) (denying without written order on trial

court's findings without a hearing) (Doc. 24-2 at 2).[1]

In this timely federal petition, Petitioner claims abuse of discretion by the trial court,

ineffective assistance of counsel at trial and on appeal, and actual innocence.  (Doc. 1 at 6-7).

---

[1] The Administrative Record includes the State Habeas Court Record (Doc. 24-2, 24-3, 24-4) and
the Reporter Record (Doc. 20-23, 20-24, 20-25).

Respondent argues the petition lacks merit and Petitioner has filed a reply.  (Doc. 28, 30).[2]

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on

the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). 28 U.S.C. § 2254(d).  Petitioner bears the burden of establishing

that he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  That burden is

"difficult to meet," however, as the decisions of the state court are reviewed under a "highly

deferential standard" and afforded "the benefit of the doubt."  *Harrington v. Richter*, 562 U.S.

___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation

marks omitted).

### Trial Court's Abuse of Discretion (Claim 1)

Petitioner asserts the trial court abused its discretion in declining to remove defense

counsel when he refused to challenge the arrest warrant affidavit.  (Doc. 1 at 6; Doc. 2 at 5-14).

Relying on a purported conflict and lengthy arguments presented in state court, Petitioner

reiterates that he "did show sufficient cause for substitution."  (Doc. 2 at 16, 18; Doc. 30 at 6).

---

[2] In his reply, Petitioner mentions for the first time claims he previously raised in his state habeas application but failed to include in his federal petition and brief in support – i.e., ineffective assistance of trial counsel for failing to object to the introduction of extraneous offenses and to Ms. Young's statements to the police under the Confrontation Clause. (Doc. 30 at 12-14, 15-16). Because those claims were not properly pled or briefed, they are deemed abandoned and, consequently, not addressed herein.

He acknowledges, however, that the trial court addressed the alleged conflict by appointing a second attorney, in lieu of removing the attorney initially appointed in the case.  (Doc. 2 at 19; Doc. 30 at 6).  Under these circumstances, Petitioner has failed to demonstrate that the state court's denial of relief on this ground was contrary to, or involved an unreasonable application of clearly established Federal law.  Therefore, his first claim fails.

### Ineffective Assistance of Trial Counsel (Part of Claim 1)

Next, Petitioner raises three claims of ineffective assistance of counsel.  The Court reviews those claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted).  In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  The Court need not address both components if the petitioner makes an insufficient showing on one.  *Id.* at 697.  To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689.  In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689.  Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694.

Counsel's Failure to Challenge Arrest Warrant

Petitioner contends defense counsel rendered ineffective assistance in failing to invalidate his arrest by challenging the arrest affidavit. (Doc. 1 at 6). He claims that defense counsel refused to "examine the false information that got petitioner arrested," and that "the mere encounter with Cecil [the complainant] was not sufficient to establish probable cause." (Doc. 30 at 4-5; *see also* Doc. 2 at 13-14). Petitioner asserts "counsel undermined the entire defense by not filing a motion to invalidate [his] arrest." (Doc. 2 at 23).

In an affidavit submitted to the state habeas court, defense counsel explained why he did not object to the arrest affidavit:

> I have always understood that [Petitioner's] complaint has always been about alleged inaccuracies in a probable cause affidavit that was prepared after he was arrested. Said affidavit is typically dictated by a participating police officer to and through a nonparticipating officer. [Petitioner] seemed to want a Franks-style attack on a post-arrest probable cause warrant.
> We never had any reason to challenge the facts alleged in this affidavit. Any challenge to the State's case were [sic] directed, by us, against the facts at trial.
> [Petitioner] admitted to me that he had a warrant for his arrest out of Tarrant County and a parole violation warrant. Even if we could have, somehow, successfully attacked the initial burglary arrest because of some factual deficiency in the probable cause affidavit, the arrest would have survived because of the outstanding warrant(s).

(Doc. 24-4 at 46-47).

Finding counsel's affidavit "to be credible" and "very thorough" because it "addresse[d] each issue," the state habeas judge (who was also the trial judge) rejected Petitioner's contention that he had received ineffective assistance of counsel at trial. (Doc. 24-4 at 39, 43).

Petitioner has failed to demonstrate that the state court's denial of relief on this ground was an unreasonable application of clearly established Federal law. He merely reiterates the

lengthy, repetitive arguments he presented to the state habeas court that the probable cause affidavit was inaccurate.  (Doc. 2 at 17-18; 23; 25-28; 34).  However, this Court need not consider whether there were factual inaccuracies in affidavit; Petitioner's arrest would have survived nonetheless, due to the then-outstanding Tarrant County warrants.[3]  Separate from the arrest warrant for the burglary offense at issue here, officers had the authority to arrest Petitioner on his other outstanding warrants.  Thus, contesting the factual accuracy of the burglary arrest warrant would have been of no moment, and Counsel was not required to make a meritless motion or objection.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").  Therefore, this claim fails.

<u>Failure to Investigate "Standing" Defense</u>

Next, Petitioner contends defense counsel rendered ineffective assistance by filing a motion to claim standing to contest the consent to search Room 3073.  (Doc. 1 at 6).  He claims defense counsel was "patently unreasonable" in raising the "standing" defense because there was "no evidence Petitioner was a co-occupant."  (Doc. 2 at 19-20, 23-24).   In the end, because he "was forced to testify to rebut residency of Room 3073," Petitioner contends he was improperly "impeached with prior burglary convictions."  *Id.* at 20.   He also claims that had counsel conducted a thorough investigation, they would have discovered "that Willis [the motel manager] could not state with a degree of certainty that Petitioner resided in the room  . . ., and thus, [defense counsel] would have abandon (sic) their 'standing defense.'"  *Id.* at 30.

Counsel responded to Petitioner's allegations as follows:

_____

[3] Petitioner concedes that at the time of his arrest on the burglary charge, he also had outstanding arrest warrants from Tarrant County.  (Doc. 30 at 3-5).

[Petitioner] insisted on a Motion to Suppress the warrantless search of Room 3073. We reviewed the evidence regarding the search of Room 3073. We were limited by the facts of the search and our ethical obligation on frivolous motions before the Court. Frankly, this obsession with suppression became a distraction; [Petitioner] had complained to the Judge that I had "refused" to consider suppression. The Judge appointed another able lawyer, Eric McDonald, to assist on the case. We decided on a razor-thin "standing" argument. We knew that the State could still prevail on the burglary case without the search of room 3073. While not entirely frivolous, our Motion to Suppress had some basis in law.

In preparation, [Petitioner] told us that he never lived in that room. He led me to believe that he had no connection to that room beyond knowing its occupant, Ms. Young. Furthermore, he insisted that we get in touch with the manager, Diane Willis. Ms. Willis would be able to verify that [Petitioner] was not connected to that room. Our investigation showed that [Petitioner] had some connection to 3073 at some point prior to the arrest, but when that connection evaporated, if at all, was not clear.

No one knows what happened to Ms. Young, although I understand she was available for [Petitioner's] trial for multiple burglaries in Denton County. For our case, she was never available because we didn't know where she was.

I was unsuccessful in talking to Ms. Willis; she had transferred to another hotel and the person I talked to didn't know where she was. However, The District Attorney had located Ms. Willis. Ms. Willis testified counter to what [Petitioner] had told us. She understood that [Petitioner] and Ms. Young were joint occupants of the room. Even so, we were able to get out, on cross-examination, that she never saw [Petitioner] stay there and never saw him in the room.

In short, we did not file a Motion to Suppress in order to assert standing. We filed our motion with the expectation that the State would argue that we have no standing. Thus, we would be able to distance ourselves, however slightly, away from room 3073 and its contraband. To get into the room, the police chose to go with consent to search by Ms. Young. According to [Petitioner], when he was asked for his consent to search, he told the officers that he did not live there. At trial, Detective Mends testified that [Petitioner] refused to answer any questions.

We chose to run the Motion to Suppress with the trial for jeopardy considerations.

(Doc. 24-4 at 47).

The state habeas court rejected the ineffectiveness claim, finding:

Counsel filed a 40 page motion to suppress which was carried along with the trial. Because the motion was carried along with the trial, hearsay was admissible to prove the probable cause to stop [Petitioner]. Thus, the officer's

testimony that [Petitioner] was suspected of other burglaries was admitted to explain the reason for the stop, not to impugn his character.  Furthermore, Applicant testified and admitted to prior convictions for burglary, theft and escape.  (RR-2: 81-82).  His explanation for his actions was so preposterous that the Judge indicated on the record that he had "heard enough of this."  (RR-2: 91).  During the punishment phase, the Court heard that [Petitioner] committed 12 additional unadjudicated burglaries based on the modus operandi and the car used.  (RR-2: 102-103).  Some of these victims retrieved their belongings from the property found in [Petitioner's] motel room.  (RR-2: 012).  The Court heard that [Petitioner] has served three 20-year sentences for burglary, an 8-year sentence for escape, and a 5-year sentence for theft.  (RR-2: 81-82).  The State requested a life sentence, but [Petitioner] was sentenced to 50 years.  (RR-2: 111-112).

*Id.* at 42.

Petitioner has failed to demonstrate that the state court's denial of relief on his ineffectiveness claim was an unreasonable application of clearly established Federal law.  He repeats his extensive arguments that the "standing" defense was baseless.  However, counsel's decision to pursue a motion to suppress in anticipation of the state arguing that Petitioner lacked standing to contest the search of the motel room, in order to distance Petitioner from the motel room where property taken in several burglaries was found, is entitled to deference as reasonable trial strategy.  *Strickland*, 466 U.S. at 689 (citation omitted).   Accordingly, this claim fails.

<u>Failure to Present Rebuttal Witnesses</u>

Petitioner also claims ineffective assistance because defense counsel did not call rebuttal or exculpatory witnesses to testify.  He states counsel "should have presented petitioner's family, friends and employers to establish that . . . he resided elsewhere."  (Doc. 2 at 21).   Petitioner faults counsel for prematurely concluding he was guilty and, thus, failing "to bring exculpatory witnesses."  (Doc. 30 at 10).

In responding to this claim, defense counsel stated:  "If we had any witnesses available who could rebut anything said in court, I was never made aware of them.  As it was, the one

witness [Petitioner] insisted upon (Diane Willis) was a witness for the District Attorney." (Doc.

24-4 at 48).  The state habeas court ultimately rejected this ineffective-assistance claim, finding

Petitioner "failed to show what witnesses counsel should have interviewed," that "they were

available, and . . . [that] their testimony would have benefitted him." (Doc. 24-4 at 42).

Petitioner has failed to demonstrate that the state court's decision was unreasonable.

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review." *See Day*

*v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).  Petitioner's assertion that counsel failed to

call rebuttal or exculpatory witnesses is conclusory.  He has not identified any rebuttal or

exculpatory witness (Doc. 30 at 14-15), much less met the exacting standard for establishing

ineffective assistance of counsel for failing to call a witness. *See Day*, 566 F.3d at 538 (to

prevail on an ineffective-assistance claim based on counsel's failure to call a witness, the

petitioner must name the witness, demonstrate that the witness was available to testify and would

have done so, set out the content of the witness's proposed testimony, and show that the

testimony would have been favorable to a particular defense).  Therefore, Petitioner's allegation

cannot form the basis for section 2254 relief. *See United States v. Demik*, 489 F.3d 644, 646-47

(5th Cir. 2007) (holding that ineffective assistance of counsel claim must be stated with

specificity, and "allegations" and "generalized assertions" of error will not suffice); *Ross v.*

*Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("mere conclusory allegations do not raise a

constitutional issue in a habeas proceeding").  Thus, this claim fails.

### Ineffective Assistance of Appellate Counsel (Claim 2)

Next, Petitioner asserts that his appellate counsel rendered ineffective assistance because

she failed to raise a violation of the Confrontation Clause. (Doc. 1 at 6).  Specifically, he claims

that his rights under the Confrontation Clause were violated when the trial court "permitt[ed]

Dallas Police to 'link him' to stolen property found at Rm. 3073 on the basis of an out of court statement by Ms. Young that identified him as a co-resident in possession of recent stolen property." (Doc. 2 at 38). The state habeas court, however, rejected this claim, concluding: "[Petitioner] has failed to show what cases [appellate counsel] should have cited to support his claim. Nor does [Petitioner] assert what issues she failed to raise that would have been successful on appeal." (Doc. 24-4 at 42).

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland v. Washington* standard in evaluating the ineffective assistance of appellate counsel). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

Here, the Confrontation Clause claim was frivolous. Contrary to Petitioner's lengthy arguments, Ms. Young's statements to the police (that she knew Petitioner, that he stayed in Room 3073, and that he brought property to the room (Doc. 20-24 at 50, 54, 57-58)) were not offered for their truth, but only to detail the police surveillance at the Budget Suites and the subsequent consent to search the room given by Ms. Young. *See Crawford v. Washington*, 541 U.S. 36, 50-52 (2004) (the Confrontation Clause applies only to "testimonial" statements "made under circumstances which would lead an objective [declarant] reasonably to believe that the statement would be available for use at a later trial."). In addition, contrary to Petitioner's assertion, Ms. Young did not identify him "as a resident in possession of stolen property" (Doc. 2 at 38), nor did Ms. Young's statements to the police link Petitioner to the burglary.

Petitioner's reliance on *Walker v. State*, 180 S.W.3d 829 (Tex. App. – Houston, 2005) is

misplaced.  (Doc. 2 at 38).  Unlike this case, *Walker* involved an identification given during a formal, structured police interrogation with a clear expectation that the statement could be used in a subsequent trial.  *Walker*, 180 S.W.3d at 834.  Furthermore, in *Walker*, the State had highlighted the significance of the identification during closing argument, and characterized the statements as a fundamental evidentiary link.  Here, the State's closing remarks only noted that the stolen property "magically appeared" in Room 3037 for which Ms. Young had given the consent to search.  (Doc. 20-24 at 102).

Therefore, Petitioner's Confrontation Clause claim lacks merit and, thus, appellate counsel was not deficient in failing to challenge it on direct appeal.  *See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)* (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.").  Because Petitioner cannot demonstrate the state court's decision rejecting his ineffectiveness claim was unreasonable, his claim fails.

**Actual Innocence** (Claim 3)

Lastly, Petitioner asserts he is actually innocent of burglary of a habitation.  Actual innocence, however, is not cognizable as a freestanding federal habeas claim.  *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006) (noting that in *House v. Bell*, 547 U.S. 518 (2006), the United States Supreme Court "'decline[d] to resolve' whether *Herrera[v. Collins,* 506 U.S. 390, 417 (1993)*]* left open the possibility of stand-alone actual-innocence claims."); *see also Cantu v. Thaler*, 632 F.3d 157, 167-68 (5th Cir. 2011) (reaffirming refusal to recognize freestanding actual innocence claim in section 2254 proceedings).  Nevertheless, Petitioner has produced no "new, reliable evidence that was not presented at trial and show[n] that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new

evidence.'"  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001).  He merely reiterates that no evidence identified him as entering the home with intent to commit theft and that "the ineffectiveness of his trial and appellate counsel denied him the full panoply of protections afforded to defendants by the constitution."  (Doc. 1 at 7; Doc. 2 at 53).

Alternatively, insofar as Petitioner seeks to challenge the sufficiency of the evidence (as he did on direct appeal), his claim fares no better.  The relevant question is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  However, as the court of appeals concluded, "the jury was entitled to infer from the circumstantial evidence that [Petitioner] entered Cecil's home and that he acquired or otherwise exercised control over her personal property."  *Mejia v. State*, No. 05-09-00178-CR (Doc. 24-4 at 24).  This Court rejects Petitioner's invitation to re-evaluate the evidence presented at trial.  "All credibility choices and conflicting inferences are to be resolved in favor of the verdict."  *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005).  Moreover, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution.  *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

Because the state court's determination of the actual-innocence and sufficiency-of-the evidence claims was neither contrary to, nor involved an unreasonable application, of clearly established federal law, Petitioner claims fail.

**Evidentiary Hearing Not Required**

Petitioner requests an evidentiary hearing to "clarify trial counsel's explanation[s],"

Page **11** of **13**

develop "crucial facts," and to "confirm the conflict" with counsel.  (Doc. 30 at 17, 21-22, 23).

However, "review under § 2254(d)(1) is limited to the record that was before the state court that

adjudicated the claim on the merits." *Cullen v. Pinholster, ____ U.S. ____, 131 S. Ct. 1388, 1398

(2011)*; *see also Blue v. Thaler, 665 F.3d 647, 656 (5th Cir. 2011)* (same rule applies to factual

determinations under section 2254(d)(2)).  Here, as in *Pinholster*, the petition concerns only

claims under section 2254(d)(1) that were adjudicated on the merits in state court.  As discussed

above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was

before the state court.  Therefore, Petitioner is not entitled to a federal evidentiary hearing.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DENIED**.

SIGNED November 25, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE